UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIN D.,

                  Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

                  Defendant.

CASE NO. C20-5009-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1978.[1] She has a high school diploma and two years of college education, and previously worked as a phlebotomist. (AR 38.)

Plaintiff applied for SSI and DIB in October 2016. (AR 156-59.) Those applications were denied and Plaintiff timely requested a hearing. (AR 88-90, 92-98.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

On September 12, 2018, ALJ Marilyn Mauer held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 33-64.) On December 11, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 16-27.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 8, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 22, 2013, the alleged onset date. (AR 18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's fibromyalgia, migraine headaches, and anxiety. (AR 18-19.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing sedentary work with additional limitations: she can lift ten pounds occasionally and less than ten pounds frequently. She can sit for up to six hours in an 8-hour workday and can stand/walk for a combined total of two hours in an eight-hour workday. She can occasionally

climb ladders, ropes, scaffolds, ramps, and stairs. She can frequently balance and occasionally stoop, crouch, kneel, and crawl. She can have no exposure to temperature extremes, and can have only occasional exposure to inhaled irritants and hazards such as unprotected heights, large mobile equipment, and unguarded moving mechanical parts. She can complete tasks that require at most level-2 reasoning, in a setting with no public contact and no teamwork assignments. (AR 21.) With that assessment, the ALJ found Plaintiff unable to perform any of her past relevant work. (AR 25.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as assembler, toy stuffer, and circuit board assembler. (AR 26-27.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting her subjective symptom testimony and assessing a treating physician's opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Subjective symptom testimony

The ALJ discounted Plaintiff's subjective allegations because (1) she reported limitations inconsistent with her ability to manage her personal care, prepare meals, drive, shop, manage her finances, engage in hobbies, and spend time with others; (2) her allegations were inconsistent with objective medical evidence; and (3) some of her symptoms improved with treatment. (AR 22-24.) Plaintiff argues that the ALJ failed to provide clear and convincing reasons, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ provided only one reason to discount her testimony —lack of objective support —and that this reason is not alone a sufficient reason to discount a claimant's subjective testimony. Dkt. 13 at 10-11. The ALJ did not rely on that reason or that reason alone. Instead, the ALJ pointed out how the objective medical record contradicted Plaintiff's allegations: a consultative examiner found that Plaintiff had no mental diagnoses and found her to be significantly less limited than Plaintiff alleged, and objective testing, nerve conduction studies, and imaging were normal and contradicted her allegations of significant physical limitations. (AR 22-23.) Furthermore, the ALJ also contrasted Plaintiff's allegations with her daily activities (AR 22), and found that Plaintiff's symptoms improved to some degree with physical therapy, trigger point injections, and medication (AR 23). These are clear and convincing reasons to discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines

Tommasetti's reports regarding the disabling nature of his pain."); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Accordingly, the Court affirms this portion of the ALJ's decision.

## Medical evidence

Plaintiff's treating pain management physician, Kenneth Bakken, D.O., signed a form opinion describing Plaintiff's symptoms and limitations in August 2018. (AR 1017-20.[2]) The ALJ summarized Dr. Bakken's conclusions and explained that she discounted the opinion as reiterating Plaintiff's subjective complaints, yet inconsistent with and contradicted by the objective medical record. (AR 24.) For example, the ALJ noted that Dr. Bakken's opinion referenced Plaintiff's reported numbness in her hands and feet, yet this numbness was contradicted by the normal nerve conduction testing. (AR 24 (citing AR 483-597, 778-834).)

These reasons are supported by substantial evidence. Dr. Bakken's opinion references only Plaintiff's subjective complaints, without pointing to any supporting clinical findings that explain the basis for the limitations indicated. (AR 1017-20.) As noted by the ALJ, Plaintiff's treatment records do not contain findings that would support Dr. Bakken's opinion as to Plaintiff's severe lifting restrictions or her inability to perform "basic functions such as sitting, standing, or walking."

---

[2] Exhibit 13F contains two separate form opinions, but only one of them is signed by Dr. Bakken. (AR 1017-20.) The forms include similar, but not identical, questions. (*Id.*) Plaintiff suggests that the ALJ erred in failing to address the opinions separately (Dkt. 13 at 5-6), but the ALJ's reasoning (AR 24) applies equally to both forms: both forms recite Plaintiff's subjective allegations without referencing specific clinical findings, and both forms describe limitations that are inconsistent with the many normal findings in Dr. Bakken's treatment notes and the overall medical record. Because these forms were both included in Exhibit 13F, which the ALJ referenced as a whole (AR 24), and because the ALJ's reasoning applies to both opinions, the Court finds no harmful error in the ALJ's treatment of the opinions together (to the extent that the unsigned opinion is an expression of Dr. Bakken's opinion).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

(AR 24.) Dr. Bakken's treatment notes repeatedly describe Plaintiff as a "functioning member of society with controlled pain levels" with medication and treatment, and/or denying any complaint of "poor pain control." (*See, e.g.*, AR 838, 841, 844-45, 848, 852, 855, 863, 866, 870, 874, 877, 881, 885, 888, 891, 894, 897, 903, 906, 909, 915, 917-18, 927, 952, 957, 959, 963, 964.) The record also contains many normal findings as to strength, range of motion, and nerve conduction. (*See, e.g.*, AR 488-597, 797-98.) This evidence supports the ALJ's finding that Dr. Bakken's opinions were unsupported by and inconsistent with his own treatment notes as well as the remainder of the record, and the ALJ did not err in discounting Dr. Bakken's opinions on that basis. *See Tommasetti*, 533 F.3d at 1041 (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Plaintiff argues that the ALJ erred in summarizing only parts of Dr. Bakken's opinions and failing to mention every limitation he noted in explaining why his opinions were entitled to little weight. Dkt. 13 at 6. But the text of ALJ's summary of Dr. Bakken's opinions acknowledges that the summary is not exhaustive: the ALJ references Dr. Bakken's opinion that Plaintiff was incapable of performing "basic functions *such as* sitting, standing, or walking" (AR 24 (emphasis added)), and the ALJ's reasoning applies equally to Dr. Bakken's opinion that Plaintiff would need to lie down during a workday and that working would cause Plaintiff's condition to deteriorate, even if the ALJ did not explicitly call out those limitations. Dkt. 13 at 6. Plaintiff points to no authority requiring that an ALJ explicitly reference every limitation mentioned in a medical opinion before discounting the opinion, nor does she point to any objective evidence or specific findings supporting the purportedly overlooked limitations. Because Plaintiff has not shown that

the ALJ's stated reasons to discount Dr. Bakken's opinions do not apply to the entirety of the opinions, Plaintiff has failed to establish error related to the ALJ's summary of Dr. Bakken's opinions.

Plaintiff also suggests that the ALJ erred in pointing to a lack of objective support as a reason to discount Dr. Bakken's opinions, because fibromyalgia does not necessarily present with objective evidence. Dkt. 13 at 7-9. But the ALJ did not question the existence of Plaintiff's fibromyalgia; indeed, the ALJ included fibromyalgia as a severe impairment at step two. (AR 18.) But the ALJ's sequential evaluation did not stop with that finding: the ALJ went on to determine the limitations caused by the fibromyalgia and any other impairments. (AR 21-25.) In this case, the ALJ properly considered Dr. Bakken's description of Plaintiff's limitations in the context of the record as a whole, and reasonably found the extreme limitations described by Dr. Bakken to be inconsistent with the longitudinal record, which included many normal findings as to strength, range of motion, nerve conduction, and imaging, and referenced Plaintiff's improvement with treatment leading to increased daily walking and stretching. (*See* AR 23 (ALJ's summary of the treatment record).)

For all of these reasons, Plaintiff has failed to show error in the ALJ's discounting of Dr. Bakken's opinions.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 29th day of September, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7